# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| KEITH COWENS, : <br> : <br>     Plaintiff, : <br> : <br> vs. : <br> : <br> COMMISSIONER OF THE SOCIAL : <br> SECURITY ADMINISTRATION, : <br> : <br>     Defendant. : | Case No. 3:16cv00227 <br><br> District Judge Walter Herbert Rice <br> Magistrate Judge Sharon L. Ovington |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon a Motion for Allowance of Attorney Fees filed by Plaintiff's counsel (Doc. #16), the Commissioner's Response (Doc. #17), and the record as a whole. Plaintiff's counsel seeks an award of $15,050.00 in attorney fees under 42 U.S.C. § 406(b)(1). "The Commissioner submits that either reducing the fee sought by counsel or awarding the full fee requested would be within the Court's discretion." (Doc. #17, *PageID #* 976).

Before this case began, Plaintiff and his counsel entered into a written contingency-fee agreement. The agreement documented Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due Social Security benefits payable to Plaintiff. The agreement also documented counsel's willingness to work on a contingency-fee

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event Plaintiff received no past-due benefits. *See* Doc. #26, *PageID* #899.

As this case proceeded, the Court determined that a remand for further proceedings was warranted, and Judgment was entered accordingly. On remand, the Social Security Administration awarded Plaintiff past-due benefits and withheld from those benefits $31,720.25 for payment of attorney fees. *Id*. at 897.

As stated above, Plaintiff's counsel presently seeks approval of a $15,050.00 award of attorney fees from the funds withheld from Plaintiff's past-due benefits. The attorney-fee award Plaintiff's counsel seeks, if granted, would result in an award based on a hypothetical hourly rate of $700.00 ($15,050.00 ÷ 21.50 hours = $700.00). The Commissioner cites cases in which Judges of this Court and the U.S. District Court for the Northern District of Ohio reached differing conclusions about the amount of attorney fees that constitute a windfall. (Doc. #17, *PageID* #s 975-76, nn.4-6). These differing conclusions lead the Commissioner to ask this court to "determine an appropriate fee for counsel's services." *Id*. at 976.

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id*.; *see also* 42 U.S.C. § 406(b)(1).

To succeed under § 406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see*

*Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under § 406(b) is reasonable, a floor/ceiling approach guides the way. The ceiling is § 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with § 406(b)'s 25%-cap." *Lasley*, 771 F.3d at 309. The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Within the range set by this floor and this ceiling, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Lasley*, 771 F.2d at 309 (quoting *Hayes,* 923 F.2d at 421). Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling. *Id.* at 309.

"Reasonableness" remains the heart of the matter. And, care must be taken to consider the presumption a rebuttable—not a strict—presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether."). Reducing a sought-after award is warranted to avoid windfalls especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id*. at 310 (quoting *Gisbrecht,* 535 U.S. at 808).

3

The award Plaintiff's counsel requests, $15,050.00, is reasonable and not a windfall. This amount is far less than 25% of Plaintiff's past-due benefits awarded by the Social Security Administration. Further, the hypothetical hourly rate of $700.00 (calculated above), when viewed as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $350.00. This is below the hourly rates and the hypothetical hourly rates permitted in a number of well-reasoned decisions in this District. *See, e.g., Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-4 (S.D. Ohio 2015) Report and Recommendation (Litkovitz, M.J.), *adopted,* 2015 WL 1285890 (S.D. Ohio 2015) (Barrett, D.J.) (approving hypothetical hourly rate of $700.00); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) Report and Recommendation (Kemp, M.J.), *adopted*, 2014 WL 6606342 (S.D. Ohio 2014) (Smith, J.) (approving hypothetical hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, 2014 WL 1908512, at *1-2 (S.D. Ohio 2014) (Black, D.J.) (approving hypothetical hourly rate of $780.25); *Pickett v. Astrue*, 2012 WL 1806136, at *2 (S.D. Ohio 2012) (Black, D. J.) (approving hypothetical hourly rate of approximately $709). Plaintiff's counsel, moreover, skillfully obtained a remand for further administrative proceedings in this case and on remand secured significant awards of benefits (including past-due benefits) for Plaintiff. For these reasons, the proposed hypothetical hourly rate in this case ($700.00) and the total amount of attorney fees counsel seeks do not constitute a windfall to Plaintiff's counsel.

Accordingly, Plaintiff's counsel's Motion for Allowance of Attorney Fees is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Motion for Allowance of Attorney Fees filed by Plaintiff's counsel (Doc. #16) be GRANTED, and the Commissioner be directed to pay

      Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $15,050.00;

2.      Plaintiff's counsel shall refund directly to Plaintiff the amount—$3,780.00—of attorney fees previously awarded counsel under the Equal Access to Justice Act (Doc. #16, *PageID* #890); and,

3.      The case remain terminated on the docket of this Court.

November 20, 2019                        *s/Sharon L. Ovington*
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).